UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STACEY CARTER #46844 | CIVIL ACTION NO. 20-cv-0058 |
| VERSUS | CHIEF JUDGE HICKS |
| CAREER SEARCH, ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Stacey Carter ("Plaintiff"), a self-represented prisoner housed at the Caddo Correctional Center, filed this action on a civil rights complaint form against (1) Ms. Shirle, the manager at Career Search, and (2) Mr. Wade, the owner of River City Salvage. Plaintiff complains that he was wrongfully terminated from a temporary job in violation of the terms of a contract. For the reasons that follow, it is recommended that this civil action be dismissed for lack of subject matter jurisdiction.

### Relevant Facts

Plaintiff filed his complaint on a complaint form provided by the court for prisoners to file civil rights claims pursuant to 42 U.S.C. § 1983. The allegations in the complaint, however, have nothing to do with actions at the jail or any other civil rights matter. Plaintiff alleges that in September 2019, he was hired by Ms. Shirle at Career Search to work at River City Salvage. Plaintiff signed a contract that required him to have a valid work excuse if he missed two consecutive days of work. Plaintiff was involved in a car accident in October 2019 and presented a doctor's excuse to Ms. Shirle, who agreed it was a valid

excuse for two days. Ms. Shirle allegedly said that she would inform Mr. Wade, at River City Salvage, that Plaintiff was excused from work for two days.

Plaintiff alleges that he returned to work on the day assigned by Ms. Shirle, but Mr. Wade told him that he was no longer employed there. When Plaintiff asked why, Mr. Wade told him that Ms. Shirle sent someone out to replace him the prior week. Plaintiff went back to Ms. Shirle that same morning, and she claimed that it was Mr. Wade's decision to replace Plaintiff. Plaintiff mentioned his contract and his compliance with its requirements, but Ms. Shirle told him that there were no positions open at that time. Plaintiff believes his termination may have been motivated by an altercation that he had with a coworker, where the coworker assaulted Plaintiff.

Plaintiff alleges that he expected to become a full-time employee at River City Salvage "with increase in wages, receive the Christmas bonus, even wearing the River City Salvage uniform proudly." He complains that the defendants owed him an obligation under his contract and failed to perform that obligation. He seeks lost wages based on $10 per hour for 40 hours per week from the time of the alleged breach until December 9, 2019, when Plaintiff claims that he would have begun earning $15 per hour. He also asks for an award of $30,000 in punitive damages based on the defendants' bad faith.

**Analysis**

    **A. Authority to Review for Jurisdiction**

Plaintiff is proceeding in forma pauperis, and this court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru

Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999). The court may act on its own motion; the objections period that follows this recommendation satisfies the requirement that Plaintiff be afforded notice and an opportunity to be heard on the jurisdictional issue prior to dismissal. See Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018), cert. denied, 139 S. Ct. 1200 (2019).

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

### B. Diversity Jurisdiction

One basis for original jurisdiction is diversity jurisdiction under 28 USC § 1322. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship. Bynane v. Bank of New York Mellon, 866 F.3d 351, 355 (5th Cir. 2017). The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction. Id.

Plaintiff does not specifically invoke diversity jurisdiction in his complaint, and the facts alleged suggest that Plaintiff and both defendants are Louisiana citizens. The amount in controversy would likely not exceed $75,000, given that the wages at issue were not

substantial and that Plaintiff's incarceration would have likely cut off the accrual of additional damages within a few weeks after his employment was terminated. Accordingly, there is no factual basis for the exercise of diversity jurisdiction under Section 1332.

### C. Federal Question Jurisdiction

The other basis for jurisdiction typically invoked in civil cases is federal question jurisdiction under 28 U.S.C. § 1331. Jurisdiction under the statute is assessed based on the well-pleaded complaint rule. It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008). Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable. That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous. In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 66 S.Ct. 773 (1946).

Plaintiff filed his complaint on a form provided for cases filed pursuant to Section 1983, a federal law. The complaint does not, however, allege a colorable claim under the statute. The complaint suggests that both defendants are private citizens rather than government officials or some other form of state actor, so no Section 1983 could lie against them. See West v. Atkins, 108 S.Ct. 2250 (1988); Whitley v. Hannah, 726 F.3d 631, 638 (5th Cir. 2013) (Section 1983 claim may be asserted only when the alleged deprivation of federal rights was committed by a person acting under color of state law). Plaintiff may

have filed his complaint on a Section 1983 form, but the "mere labeling" of a case as a Section 1983 action is insufficient to make a claim against a private person a viable claim that the person acted under color of state law to deprive the plaintiff of federal or constitutional rights. Johnson v. Loyola University, 673 Fed. Appx. 436 (5th Cir. 2017). Accordingly, Plaintiff has not established a basis for federal question jurisdiction under Section 1331.

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction. It is possible that he has asserted state law claims for breach of contract against his fellow Louisiana citizens, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). There may be a proper court or forum for Plaintiff to seek relief on state law claims, but this federal court is not it.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of January, 2020.

Mark L. Hornsby
U.S. Magistrate Judge